UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RODRICK L. DAVIS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-130-HAB-SLC |
| STEVE REED, et al., | |
| Defendants. | |

OPINION AND ORDER

Rodrick L. Davis, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must nevertheless give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Davis alleges various officers from the Fort Wayne Police Department and several attorneys from the Allen County Prosecutor's Office conspired to violate his civil rights. Specifically, he alleges he was charged with and convicted of crimes he didn't commit—burglary, domestic battery, residential entry, and invasion of privacy.

*See State v. Davis*, cause no. 02D05-2007-F3-000057 (Allen Sup. Ct. filed July 23, 2020), available online at: https://public.courts.in.gov/mycase (last visited July 25, 2023). He takes issue with arresting Officer Aaron Bloomfield's police report and the probable cause affidavit signed by Officer Douglas. He believes Prosecutor Tasha Lee threatened the victim of the underlying crime with perjury, which prevented her from "confessing" that Davis was innocent. ECF 1 at 2. He claims Prosecutor Lee, Prosecutor Karnia Gatakala, and Detective Calvin Dubois conspired to "falsify" the case against him by convincing the victim to lie on the stand during his criminal trial, by removing evidence favorable to him from the record, and by revising the probable cause affidavit after the fact. He believes there was a conflict of interest because Detective Dubois sat at the prosecutors' table during the trial when he was supposed to be impartial. He claims Detective Dubois did so in order to further intimidate the victim into testifying falsely against Davis. He believes Officer Bloomfield and Detective Dubois also lied on the stand during trial because their testimony conflicted with the original police report. He believes the criminal case against him was a "conspiracy from start to finish" and that the defendants conspired to have him "found guilty of these falsified charges and case." *Id*. at 8. He states he was found guilty at trial by a "bias jury and falsified evidence." *Id*. at 10. He has sued Fort Wayne Police Department Chief Steve Reed, Detective Dubois, Officer Bloomfield, Officer Douglas, Head Allen County Prosecutor Mike Alexander, Prosecutor Tasha Lee, and Prosecutor Gatakala for monetary damages, and he seeks to have Prosecutor Lee and Detective Dubois removed from their jobs.

A review of the state court docket sheds additional light on the matter.[1] Following a jury trial that occurred in June of 2021, Davis was found guilty and sentenced concurrently to fifteen years for the Level 3 burglary count and two-and-one-half years each for the counts of domestic battery and invasion of privacy. *See generally State v. Davis*, cause no. 02D05-2007-F3-000057 (Allen Sup. Ct. filed July 23, 2020), available online at: https://public.courts.in.gov/mycase (last visited July 25, 2023). Davis appealed his conviction. *Id*. In the opinion affirming the judgment of the trial court, the Indiana Court of Appeals set forth the following facts regarding the victim's testimony:

> While in jail, Davis used the jail-house phone to place over one hundred calls to A.K.'s phone, and he spoke with her twenty to fifty times between July 18 and August 24. He tried to convince A.K. to change her story and testify in his defense. In the initial calls, A.K. was angry with Davis, and she indicated that she intended to cooperate with the State in its prosecution of Davis. However, at Davis's insistence, she recanted and changed her account of the July 17 incident, telling the prosecutor and Davis's lawyer that what took place on July 17 was an accident, that she sustained injuries because she sprayed Davis with mace, Davis did not mean to hurt her, and she lied about the July 17 incident to get Davis in trouble and out of her life. Ultimately, however, A.K. agreed to testify for the prosecution.

*See Davis v. State*, cause no. 21A-CR-2089 (Ind. Ct. App. filed Sept. 23, 2021), slip op. at 5-6 (May 2, 2022), available online at: https://public.courts.in.gov/mycase (last visited July 25, 2023). He later filed a post-conviction petition in state court, which remains

---

[1] The court is permitted to take judicial notice of public documents in screening the complaint. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018); *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

pending.² *See Davis v. State*, cause no. 02D05-2209-PC-000047 (Allen Sup. Ct. filed Sept. 30, 2022), available online at: https://public.courts.in.gov/mycase (last visited July 25, 2023).

With regard to Davis's claims against the prosecutors for bringing the criminal charges against him, "[p]rosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Id*. (internal quotation marks and citation omitted). To the extent Davis's suit challenges Prosecutor Alexander, Prosecutor Lee, and Prosecutor Gatakala's discretionary prosecutorial decision-making actions in bringing the various charges—undoubtedly part of the judicial phase of the criminal process—these claims may not proceed.

Davis's remaining claims must also be dismissed. Federal claims for malicious prosecution brought pursuant to 42 U.S.C. § 1983 have been recognized as arising under the Fourth Amendment. *See Thompson v. Clark*, --- U.S. ----, 142 S. Ct. 1332, 1337 (2022). Such claims require that the prosecution was instituted without probable cause, that that motive in bringing the charge(s) was "malicious," and that the prosecution

---

² In his complaint, Davis states that he is "looking to have this sentence overturned or vacated" via his state court petition. ECF 1 at 10.

4

terminated in favor of the accused. *Id.* at 1338. The favorable termination requitement is important because:

> (i) it avoids parallel litigation in civil and criminal proceedings over the issues of probable cause and guilt; (ii) it precludes inconsistent civil and criminal judgments where a claimant could succeed in the tort action after having been convicted in the criminal case; and (iii) it prevents civil suits from being improperly used as collateral attacks on criminal proceedings.

*Id.* (citing *Heck v. Humphrey*, 512 U.S. 477, 484-85 (1994)). With regard to wrongful conviction claims more generally, a prisoner cannot challenge his ongoing detention or conviction in a civil rights action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement). Nor can a plaintiff obtain an award of damages for wrongful incarceration or pursue any other claim that would necessarily imply the invalidity of his conviction unless it is reversed on direct appeal, expunged, or otherwise declared invalid. *Heck*, 512 U.S. at 486-87; *see also Savory v. Cannon*, 947 F.3d 409, 417 (7th Cir. 2020) (en banc) (claims of "suppression of exculpatory evidence and the fabrication of false evidence in order to effect a conviction" are barred by *Heck*, because "[t]here is no logical way to reconcile those claims with a valid conviction").

Here, Davis was convicted of various charges following a jury trial. As Davis admits in his complaint, that conviction has not yet been overturned on appeal or otherwise. *See generally State v. Davis*, cause no. 02D05-2007-F3-000057 (Allen Sup. Ct. filed July 23, 2020), available online at: https://public.courts.in.gov/mycase (last visited July 25, 2023). Therefore, any malicious prosecution and/or wrongful conviction claims must be dismissed without prejudice. *See Crowder v. Barrett*, no. 22-1899, 2023 WL

5

3145312, at *4 (7th Cir. Apr. 28, 2023) ("Finally, to the extent that [the plaintiff] intends to argue that he was unfairly prosecuted, that argument must fail because his robbery charge ended in a conviction that has not been overturned.") (citing *Thompson*, 142 S. Ct. at 1341)); *see also Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019) ("A suit barred by the doctrine of *Heck* is premature and must be dismissed without prejudice, because *Heck* holds that the claim does not accrue until the conviction has been set aside.").

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.[3]

For these reasons, the court:

(1) DENIES the motion (ECF 11) as unnecessary; and

(2) DISMISSES THIS ACTION WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

SO ORDERED on July 26, 2023.

---

[3] Davis has filed a "Motion to Correct Harmless Error" pursuant to Federal Rule of Civil Procedure 61. ECF 11. Rule 61 is inapplicable at this stage of the proceedings. *See* Fed. R. Civ. P. 61 (noting that errors and defects in admitting or excluding evidence is not grounds for a new trial or for setting aside a verdict or judgment). To the extent Davis wishes to correct a citation to the jury trial dates in a document attached to his complaint (*see* ECF 1-1 at 1), this request is unnecessary because both the complaint itself and the information available on the public electronic docket show the correct dates of the jury trial as June 22–24, 2021, which the court has relied on in its screening order. Therefore, the motion will be denied as unnecessary.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
